**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| HUMPHREYS AND PARTNERS ARCHITECTS, L.P.,<br><br>    Plaintiff,<br><br>vs.<br><br>GEORGE F. TIBSHERANY, INC., et al.,<br><br>    Defendants.<br><br>AND RELATED CASES | No. CIV 03-0169-PHX-SMM<br><br>**MEMORANDUM OF DECISION AND ORDER** |

Pending before the Court, *inter alia*, is Tegan Defendants' Motion for Partial Summary Judgment, filed on April 12, 2006. [Doc. No. 291] Plaintiff responded to the Motion on May 15, 2006, and Tegan Defendants filed their Reply on May 23, 2006. [Doc. Nos. 333, 339] After considering the parties' arguments, the Court issues the following Memorandum of Decision and Order. Because the Court concludes that oral argument would not be helpful, the Court makes it ruling without hearing oral argument.

## BACKGROUND

This is an architectural copyright case. Plaintiff Humphreys and Partners Architects ("HPA") alleges that one of HPA's designs was copied by Defendant George F. Tibsherany, Inc. ("Tibsherany"), and that Tibsherany used those copied designs to eventually design three



subsequent infringing projects: Cambria, Arrowhead Lodge, and the Villas at Augusta Ranch.[1]

Tibsherany initially worked with Defendants American West Communities ("AWC") and Andrew Welch ("Welch") to design a project that became known as the Villas at Augusta Ranch ("Augusta Ranch"). Later, AWC allegedly assigned its rights to Tegan Communities ("Tegan"). (Defs.' SOF at ¶ 7.) Welch was an officer of both AWC and Tegan. (Welch Dep. 104:5-21.) AWC received $20,000-$25,000 in property management fees from Tegan. (Id. at 32:9-14.) Welch is owed a salary from Tegan, and Tegan also owes Welch for loans made by Welch to Tegan. (Defs.' SOF at ¶ 9.) Tegan sold Augusta Ranch in 2005. (Id. at ¶ 10.)

In 2003, Plaintiff brought suit in this Court against Tibsherany, AWC, Welch, Tegan, and others. In March 2006, the Court allowed Plaintiff to amend its Complaint due to the sale of Augusta Ranch [Doc. No. 279], and Plaintiff did so, adding numerous defendants who were involved in the sale of Augusta Ranch. [Doc. No. 283] On April 12, 2006, AWC, Welch, and Tegan (collectively, for purposes of this Motion only, "Defendants") moved for partial summary judgment. In their Reply to HPA's Response, Defendants narrowed its Motion to the issue of vicarious infringement and to AWC and Welch.

Jurisdiction over this action is proper under 28 U.S.C. § 1331, because the matter in controversy arises under federal copyright law, 17 U.S.C. § 101 *et seq.* Venue is proper under 28 U.S.C. § 1391(b).

**STANDARD OF REVIEW**

Upon motion at any time, a party defending against a claim may move for "partial summary judgment," that is, "summary judgment in the party's favor as to . . . any part thereof." FED. R. CIV. P. 56(b). A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that

---

[1] The defendants associated with Cambria are no longer parties to this action, and the defendants associated with Arrowhead Lodge are parties to a related case, CV04-2994-PHX-SMM. Thus, the remaining defendants in this matter are the Tibsherany Defendants and the Augusta Ranch-related Defendants.

- 2 -

1  there is no genuine issue as to any material fact and that the moving party is entitled to
2  judgment as a matter of law." FED. R. CIV. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S.
3  317, 322-23 (1986); Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.
4  1994). Substantive law determines which facts are material. See Anderson v. Liberty
5  Lobby, 477 U.S. 242, 248 (1986); see also Jesinger, 24 F.3d at 1130. "Only disputes over
6  facts that might affect the outcome of the suit under the governing law will properly preclude
7  the entry of summary judgment." Anderson, 477 U.S. at 248. The dispute must also be
8  genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for
9  the nonmoving party." Id.; see Jesinger, 24 F.3d at 1130.

10  A principal purpose of summary judgment is "to isolate and dispose of factually
11  unsupported claims." Celotex, 477 U.S. at 323-24. Summary judgment is appropriate
12  against a party who "fails to make a showing sufficient to establish the existence of an
13  element essential to that party's case, and on which that party will bear the burden of proof
14  at trial." Id. at 322; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir.
15  1994). The moving party need not disprove matters on which the opponent has the burden
16  of proof at trial. See Celotex, 477 U.S. at 317. The party opposing summary judgment "may
17  not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth
18  specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); see
19  Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 585-88 (1986); Brinson v. Linda
20  Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).

## DISCUSSION

22  As a preliminary matter, the Court reiterates the scope of the pending Motion. As
23  discussed, *supra*, this Motion for Partial Summary Judgment applies only to Welch and
24  AWC, not to Tegan. Additionally, this Motion deals only with the claim of vicarious
25  infringement as to Welch and AWC; direct infringement is not at issue in this Motion.

26  There are three theories of liability for copyright infringement: direct, contributory,
27  and vicarious. Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004). In order to be
28  liable for vicarious infringement, a defendant must have "derived a direct financial benefit

1  from the infringement and had the right and ability to supervise the infringing activity." Id.
2  at 1078.  Notably, the vicarious infringer need not know that he is infringing.  Metro-
3  Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 125 S.Ct. 2764, 2776 n.9 (2005). The Court
4  addresses the two prongs of vicarious infringement, commencing with the right and ability
5  to supervise the infringing activity.

6  *Right and ability to control infringing activity*

7  First, Plaintiff must show that AWC and Welch had "the right and ability to supervise
8  the infringing activity." Id.  This prong is met if a defendant "decline[s] to exercise a right
9  to stop or limit" the infringing activity. Metro-Goldwyn-Mayer Studios Inc., 125 S.Ct. at
10 2776.  The Court considers each Defendant separately.

11     a. AWC

12 AWC was the entity that first worked with Tibsherany to design the Augusta Ranch
13 project.  Nevertheless, Defendants contend that AWC lacked the right and ability to control
14 the infringing activity because, *inter alia*, it later assigned its rights to Tegan. (Reply at 5.)
15 Defendants cite Welch's deposition as the source for their assertion that the rights were
16 assigned. (Defs.' SOF at ¶ 7.)  However, Welch's deposition testimony was that he could not
17 recall whether a written assignment was executed. (Welch Dep. 24:9-12.)  At the deposition,
18 reference was made to an interrogatory response that indicated the rights were assigned, and
19 Welch subsequently testified that Tegan received nothing of value for any assignment. (Id.
20 at 24:4-15.)

21 Defendants further maintain that HPA does not dispute that AWC assigned its rights
22 to Tegan for no consideration.  (Defs.' Reply re: Pl.'s SOF at 3.)  The Court, however,
23 disagrees with Defendants' contention.  In HPA's Statement of Facts in Opposition to
24 Defendants' Motion, Plaintiff states as follows: "Although defendants claim that American
25 West Communities assigned unspecified rights to Tegan, there is no written evidence of such
26 an assignment. Welch[,] as Tegan's corporate representative, testified that Tegan gave
27 nothing of value for any assignment and that he did not recall that there was an assignment."
28 (Pl.'s SOF at ¶ 12.)  It is therefore evident to the Court from Plaintiff's statement above that

- 4 -

Plaintiff does not make a concession as characterized by Defendants; rather, Plaintiff simply acknowledges that Defendants claim the rights were assigned for no consideration.

Thus, the parties do not agree on whether AWC assigned its rights to Tegan. If AWC did indeed assign its rights, then it likely lost its ability to stop the infringing activity. However, it is not clear what rights, if any, were assigned. Further, the Court notes a handwritten modification, the circumstances surrounding which are not totally clear, made to the contract between Tibsherany and AWC. On the contract, AWC's name is crossed out and "Tegan Communities Inc." is written just above. (Ex. 2 to Defs.' SOF, Ex. 1 to Pl.'s SOF.) The Court therefore concludes that genuine issues of material fact exist regarding AWC's ability to control or supervise the infringing activity. Consequently, summary judgment is not appropriate as to AWC.[2]

        b. Welch

Defendants argue that Welch lacked the ability to supervise or control the infringing activity that occurred when Tibsherany copied HPA's designs in the first project. (Mot. at 15.) However, Defendants' definition of the infringing activity is overly narrow. Defendants accept as fact, for the purposes of this Motion, that the first project was an unauthorized copy of HPA's design and that the Augusta Ranch project was a "modified version[] of [the first] HPA design." (Id. at 3.) Therefore, taking that fact as true, the Augusta Ranch project was (for purposes of this Motion) also an infringing activity, and there at least exists a genuine issue of material fact as to whether Welch, as officer of the company who contracted with Tibsherany, the copying infringer, had the ability to terminate the contract and therefore stop

---

[2] Additionally, the Court notes that the assignment of rights affects AWC's ability to derive financial benefit from the financial activity. Thus, a genuine issue of material fact exists as to the second prong of Plaintiff's vicarious infringement claim as to AWC, and summary judgment is not warranted.

- 5 -

the infringing activity. Consequently, the Court concludes that summary judgment as to Welch is not appropriate.[3]

## CONCLUSION

Because genuine issues of material fact exist as to Plaintiff's vicarious infringement claims, summary judgment may not be granted. See Anderson, 477 U.S. at 248. Accordingly,

**IT IS ORDERED** that Tegan Defendants' Motion for Partial Summary Judgment [Doc. No. 291] is DENIED.

DATED this 7th day of July, 2006.

_____
Stephen M. McNamee
United States District Judge

---

[3] The Court further notes that if it were assumed that Welch did indeed possess the ability to control or supervise the infringing activity, Plaintiff could establish the second prong of the vicarious infringement test and survive summary judgment. Even if the Court adopts Defendants' argument, *arguendo*, that Welch's salary does not constitute a direct financial benefit, Welch derives a direct financial benefit through Tegan's repayment of loans made by Welch to Tegan. To the Court's knowledge, no federal court has dealt with the issue of whether a creditor, lender, mortgagee, debtee, or other individual who is owed money by an entity is considered to derive a direct financial benefit in the vicarious infringement context. However, it is axiomatic that Welch would have a direct financial benefit as a creditor. Repayment of the monies lent by Welch to Tegan depends on the financial success of Tegan. Thus, summary judgment in favor of Defendants as to Welch would not be warranted.